# Illinois Official Reports

## Appellate Court

---

### *People v. Winston*, 2020 IL App (2d) 180289

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JASMINE Y. WINSTON, Defendant-Appellant. |
| District & No. | Second District<br>No. 2-18-0289 |
| Filed | May 26, 2020 |
| Decision Under Review | Appeal from the Circuit Court of De Kalb County, No. 13-CF-524; the Hon. Robbin Stuckert, Judge, presiding. |
| Judgment | Vacated and remanded. |
| Counsel on Appeal | James E. Chadd, Thomas A. Lilien, and April D. Kentala, of State Appellate Defender's Office, of Elgin, for appellant.<br><br>Richard D. Amato, State's Attorney, of Sycamore (Patrick Delfino, Edward R. Psenicka, and John G. Barrett, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE ZENOFF delivered the judgment of the court, with opinion.<br>Justices McLaren and Hudson concurred in the judgment and opinion. |

**OPINION**

¶ 1     This is defendant Jasmine Y. Winston's third appeal from the denial of her motion to withdraw her negotiated guilty plea to a single count of aggravated battery (720 ILCS 5/12-3.05(d)(2) (West 2012)), based on the allegation that she "threw a bottle and books at the face of Khadijah Puckett, knowing Khadijah Puckett to be pregnant." We vacate the denial of the motion and remand for further proceedings.

                                    I. BACKGROUND

¶ 2

¶ 3     Pursuant to her plea agreement with the State, defendant was sentenced to a two-year term of conditional discharge. She subsequently filed a notice of motion to "change plea," which the trial court evidently treated as a postplea motion. The trial court appointed defendant's trial attorney to represent her. That attorney filed an "amended" motion to withdraw defendant's plea, alleging that the plea was involuntary because defendant was unaware that a felony conviction would adversely affect her educational opportunities and employment prospects. The motion further claimed that defendant entered the plea under duress because she believed that, if she did not plead guilty, her ongoing detention would jeopardize her employment and her opportunity to continue her studies to obtain a GED. At the hearing on the motion, counsel additionally argued that there were "some questions as to whether or not [defendant's guilt could] be proved based on all of the evidence that's been tendered by the State's Attorney's Office." Counsel added that, "justice would be better served by allowing [the] case to be set for trial because the doubt of the guilt of the accused could then be established." The trial court denied the motion and defendant appealed. We remanded the case to the trial court because counsel failed to properly certify compliance with Illinois Supreme Court Rule 604(d) (eff. Feb. 6, 2013). *People v. Winston*, No. 2-15-0133 (Ill. Feb. 8, 2016) (unpublished minute order).

¶ 4     On remand, counsel filed a facially valid certificate of compliance with Rule 604(d). The trial court again denied defendant's motion to withdraw her guilty plea, and defendant brought a second appeal. We concluded that the hearing on remand was deficient, and we remanded the case again. *People v. Winston*, 2017 IL App (2d) 160574-U. On remand, counsel filed yet another Rule 604(d) certificate. At the hearing on the motion to withdraw, defendant testified that she threw a soda bottle at Puckett during an argument. However, according to defendant's testimony, Puckett had thrown a soda bottle at her first. Neither defendant nor Puckett were hit by the bottles. Defendant's niece, Mickeyai Stewart, was present when the incident took place.

¶ 5     Defendant testified that she and Puckett had been friends, but their relationship soured because defendant wanted to pursue her education while Puckett "wanted to basically be in the streets." Stewart was emulating Puckett. Prior to the incident, defendant spoke with Creashon Ross, who was the father of Puckett's baby. Defendant described their conversation as follows:

          "Had [*sic*] stated that just told me what [Puckett and Stewart] were doing. They just stopped being friends with me because they basically wanted to do things in the streets with guys and stuff and he was telling me what they were doing, and I kind of got upset because, you know, my niece is one year older than me but I'm also like the big sister for her."

Defendant was unaware that Puckett was pregnant.

¶ 6 Prior to the entry of her guilty plea, defendant missed several court appearances, and she was arrested on a bench warrant. She entered her guilty plea not long after being taken into custody. She testified that she felt pressured to enter the plea to secure her release from custody. Defendant also testified that she believed that she had a defense to the aggravated battery charge.

¶ 7 On cross-examination, the State asked defendant whether she was satisfied with counsel's performance. She replied that she did not want to answer the question, but when the trial court instructed her that she was required to answer, she indicated that she was not satisfied. The State then attempted to impeach defendant by asking her if she remembered testifying at a prior hearing that she was satisfied with counsel's performance. Defendant responded that she did not recall giving that testimony, and the State did not pursue the line of questioning. On redirect, counsel asked defendant to explain why she was dissatisfied with his performance. She responded, "I feel like that's a question that was just thrown at me." When counsel pressed for an answer, defendant stated, "I would say just confusion. Other than that, you know, I wouldn't say that it would—I don't know how to answer that question." Counsel then asked, "So just to be clear, there were times that you didn't understand what I was doing or what we were trying to accomplish during the proceedings?" Defendant agreed with that characterization.

¶ 8 After defendant completed her testimony, her attorney stated, "I would like to admit four exhibits. They're written statements that were part of the police reports. I don't know how to track down Creashon Ross, Mickeyai Stewart." Defendant interjected, "Khadijah[1][*sic*], that's my blood niece. I'm going to her house."

¶ 9 The State objected that there was no evidence that the proffered exhibits were true and accurate copies of the written statements. The trial court sustained the objection, stating, "we should have a witness here or at least someone to substantiate those documents and statements as well." The court asked counsel whether he wanted to continue the hearing to bring in witnesses. Counsel responded, "No Judge. The statements are pretty much similar to what [defendant] testified to, so in terms of what the contents are, she's already laid down the information which is contained."

¶ 10 The trial court denied the motion to withdraw the plea. As pertinent here, the trial court reasoned as follows:

> "[Defendant] asserts that there is a doubt as to her guilt, and that the Court should allow her to withdraw her guilty plea to prevent a manifest injustice.
>
> Despite opportunities to present evidence in support of her claims, defendant has not presented any objective evidence to support her claims. Most, if not all of the evidence testified at the hearing was available to the defendant, and she has failed to present any other witnesses or affidavits to show that there was favorable testimony supporting a reasonable doubt as to her guilt."

This appeal followed.

---

[1]It appears that defendant either misspoke or there is an error in the report of proceedings. Defendant's niece is Mickeyai Stewart. *Supra* ¶ 4.

¶ 11                                    II. ANALYSIS

¶ 12     Defendant first argues that this case must be remanded a third time for compliance with Rule 604(d) because her attorney failed to comply with that rule's certificate requirement. On its face the certificate is in proper form. Defendant argues, however, that the certificate is refuted by the record.

¶ 13     Rule 604(d) provides, in pertinent part, as follows:

>      "No appeal shall be taken upon a negotiated plea of guilty challenging the sentence as excessive unless the defendant, within 30 days of the imposition of sentence, files a motion to withdraw the plea of guilty and vacate the judgment. For purposes of this rule, a negotiated plea of guilty is one in which the prosecution has bound itself to recommend a specific sentence, or a specific range of sentence, or where the prosecution has made concessions relating to the sentence to be imposed and not merely to the charge or charges then pending.
>
>      The motion shall be in writing and shall state the grounds therefor. When the motion is based on facts that do not appear of record it shall be supported by affidavit ***. ***
>
>      If the defendant is indigent, the trial court shall order a copy of the transcript as provided in Rule 402(e) be furnished the defendant without cost. The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

¶ 14     It is well established that the attorney's certificate must strictly comply with the requirements of Rule 604(d). See *People v. Janes*, 158 Ill. 2d 27, 35 (1994). If the certificate does not satisfy this standard, a reviewing court must remand the case to the trial court for proceedings that strictly comply with Rule 604(d). See *id.* Moreover, even when the certificate is valid on its face, a remand will be necessary if the record refutes the certificate. *People v. Bridges*, 2017 IL App (2d) 150718, ¶ 8.

¶ 15     Defendant contends that the record shows that, contrary to the certificate, counsel did not amend the motion to withdraw to adequately present defects in the entry of the plea. We agree. As defendant notes, at the most recent hearing on her motion to withdraw, counsel argued that the evidence was insufficient to prove defendant's guilt beyond a reasonable doubt and that the interests of justice dictated that she be permitted to withdraw her guilty plea. Thus, counsel was obligated to advance that argument in an amended motion supported by affidavits from the witnesses whose testimony supposedly would have exonerated defendant. Defendant contends that, because counsel failed to do so, the record refutes his certificate.

¶ 16     *Bridges* supports our analysis. In that case, the defendant's attorney amended the defendant's *pro se* motion to withdraw his plea by adding detailed allegations that, *inter alia*, his guilty plea was the product of coercion in the form of acts of violence against his mother. *Id.* ¶ 2. The defendant concluded that, because the facts alleged did not appear in the record, the motion should have been accompanied by affidavits substantiating those facts. *Id.* ¶ 1. We held that, because counsel did not submit such affidavits, he did not comply with Rule 604(d).

- 4 -

*Id.* ¶ 9. As in *Bridges*, the record here refutes counsel's Rule 604(d) certificate. We recognize that there was an additional error in *Bridges*: there was no meaningful hearing on remand. *Id.* ¶ 10. However, under *Janes*, a violation of the certificate requirement is, *by itself*, grounds for remand. Thus, in *Bridges*, the violation of the certificate requirement and the deficient hearing were fully independent grounds for remand. Here, the State devotes a considerable portion of its brief to the argument that the hearing on the most recent remand was appropriate. However, that would not cure counsel's evident failure to strictly comply with Rule 604(d).

¶ 17    In an effort to show that the motion that counsel filed encompassed all of defendant's contentions of error, the State contends that "[t]he insufficiency argument was woven into the involuntariness arguments, providing context for the alleged involuntariness as a means of showing an injustice—her alleged innocence." That is a substantial embellishment of defendant's claim and well beyond the scope of what was argued in the motion.

¶ 18    The State also argues that, for various reasons, defendant's insufficiency-of-the-evidence claim is without merit. That may be true, but it has no bearing on whether counsel complied with Rule 604(d). In addition, the State contends counsel complied with Rule 604(d) because, on remand for compliance with that rule, an attorney is required to file an amended motion only if he or she deems it necessary. See *People v. Lindsay*, 239 Ill. 2d 522, 531 (2011). However, we fail to see how counsel could raise a new claim at the hearing and yet deem it unnecessary to amend the motion to include that claim.

¶ 19    We further note that the specter of a violation of defendant's right to the effective assistance of counsel hovers over the trial court proceedings. Claims of ineffective assistance of counsel are evaluated under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984), which requires a showing that counsel's performance "fell below an objective standard of reasonableness" and that the deficient performance was prejudicial in that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Not only did counsel fail to include a sufficiency-of-the-evidence claim supported by affidavits in the motion to withdraw, he raised the claim at the hearing without having secured the attendance of witnesses who arguably could have supported it. The State argues that those witnesses may have been unreliable and that counsel made a strategic decision not to present their testimony. However, we fail to see how the decision to offer inadmissible written statements by those witnesses could be a strategic one. Counsel's token effort to raise a sufficiency-of-the-evidence claim was at least arguably deficient. We acknowledge that, because the record does not establish what the testimony of those witnesses would have been, we cannot definitively determine whether the failure to secure the attendance of those witnesses was prejudicial. Nonetheless, our doubts about the adequacy of counsel's performance at the hearing bolster our view that further proceedings are necessary.

¶ 20    Defendant also argues that the proceedings below were flawed because the trial court did not determine whether, pursuant to *People v. Krankel*, 102 Ill. 2d 181 (1984), and its progeny, different counsel should have been appointed to represent defendant in those proceedings. In *Krankel*, our supreme court held that, because the defendant raised a *pro se* posttrial claim of ineffective assistance of counsel, a different attorney should have been appointed to represent him. *Id.* It has since been held, however, that the right to a new attorney is not automatic. *People v. Jolly*, 2014 IL 117142, ¶ 29. Rather, the trial court should conduct a preliminary inquiry to determine whether the *pro se* allegations show possible neglect of the case. If so,

new counsel should be appointed. *Id.* The parties disagree as to whether defendant's testimony that she was not satisfied with counsel's performance was sufficient to raise a claim of ineffective assistance of counsel requiring a *Krankel* inquiry. Because the case must be remanded in any event, we need not decide the issue. The remand will provide the trial court and the parties with an ample opportunity to clarify defendant's view of the representation she received, at which point the trial court can determine whether a *Krankel* inquiry is necessary.

¶ 21 We therefore vacate the denial of defendant's motion to withdraw and remand the cause to the trial court for counsel to file a new Rule 604(d) certificate and a new motion to withdraw defendant's plea, and for a new hearing on the motion.

¶ 22 III. CONCLUSION

¶ 23 For the foregoing reasons, we vacate the denial of defendant's motion to withdraw her plea, and we remand this case to the circuit court of De Kalb County for further proceedings in accordance with this opinion.

¶ 24 Vacated and remanded.