2021 IL App (2d) 180732-U
No. 2-18-0732
Order filed January 8, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 15-CF-2038 |
| DERRICK ORR, | ) ) | Honorable John J. Kinsella, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HUTCHINSON delivered the judgment of the court.
Presiding Justice Bridges and Justice Zenoff concurred in the judgment.

**ORDER**

¶ 1   *Held*:   Cause was remanded for postplea counsel to comply with Rule 604(d). While it was suggested at points that defendant wished to proceed *pro se* on his motion to withdraw, he never formally waived counsel. Therefore, postplea counsel retained her obligation to comply with Rule 604(d).

¶ 2   Defendant, Derrick Orr, appeals from his conviction of retail theft (720 ILCS 5/16-25(a)(1) (West 2014)) entered upon his negotiated guilty plea. Defendant complains of error during the hearing on his motion to withdraw his plea. We vacate the trial court's denial of defendant's motion to withdraw and remand for further proceedings.

¶ 3                                  I. BACKGROUND

¶ 4    Defendant entered his plea on June 4, 2018. Pursuant to his agreement with the State, he was sentenced to a one-year prison term. Defendant subsequently filed, by mail, a motion to withdraw his plea. He argued, *inter alia*, that he was unfit when he entered his plea because he had taken himself off psychotropic medication. He alleged that he told his attorney, Deputy Chief Public Defender Ruth Walstra, about his concern that he was unfit. The motion was file-stamped July 10, 2018. However, there were two postage meter labels on the envelope; one was dated June 22, 2018, and the other was dated June 27, 2018.

¶ 5    On July 24, 2018, the prosecutor appeared before the trial court and asked that the motion be stricken because it was not filed within 30 days after defendant's sentence was imposed. Although the trial court stated that the motion was untimely, the court reappointed Walstra to "give her a chance to take a look at it if she wishes just to address any errors that may have occurred." Walstra appeared in court on August 6, 2018, and argued that the motion was timely because it was "postmarked" June 27, 2018. The court agreed and asked Walstra if she was "prepared to go to hearing on [the motion] now." Walstra responded that she was not; she needed to order the transcript of the plea and sentencing proceedings and file a certificate of compliance with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). The court continued the matter to September 10, 2018 for a hearing on the motion.

¶ 6    At the hearing, Walstra advised the court that defendant had indicated that "his basis to try to withdraw his plea is his claim that he is unfit." Walstra related that she told defendant that he was not unfit and that the claim of unfitness was not a basis for withdrawing his plea. Walstra added that she did not believe that there was a *bona fide* doubt as to defendant's fitness and that she could not present the motion. Walstra further advised the court, "I believe [defendant] is trying

to go, in essence, *pro se* because I don't believe there is a *bona fide* doubt as to his fitness in the three years that I have been dealing with him."

¶ 7 The trial court stated that defendant's argument that he was unfit to enter a plea "indirectly suggests ineffective assistance of counsel." The court indicated that, pursuant to *People v. Krankel*, 182 Ill. 2d 181 (1984), it would allow defendant "to articulate how it is that he feels that his plea was not entered knowingly and voluntarily because that is sort of the implication." Defendant explained that he had stopped taking psychotropic medication and was having withdrawal symptoms including hallucinations and suicidal thoughts. Walstra advised the court that, on the day defendant entered his plea, he said nothing "about having hallucinations, about having anything." The trial court found that defendant was not unfit when he entered his plea and that he received the effective assistance of counsel. The court denied defendant's motion to withdraw his plea and this appeal followed.

¶ 8                                        II. ANALYSIS

¶ 9 Defendant argues that the proceedings below did not conform to Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). Defendant also argues that the trial court erred by conducting an inquiry pursuant to *Krankel* and its progeny to determine whether a new attorney should have been appointed to represent him in connection with his postplea motion. See *People v. Winston*, 2020 IL App (2d) 180289, ¶ 20. We conclude that the proceedings below were not conducted in compliance with Rule 604(d) (eff. July 1, 2017) and that, therefore, this appeal is not properly before us. Accordingly, we need not consider whether the trial court erred by conducting a *Krankel* inquiry.

¶ 10 Rule 604(d) provides, in pertinent part, as follows:

"No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment.

* * *

*** The motion shall be presented promptly to the trial judge by whom the defendant was sentenced[.] *** The trial court shall then determine whether the defendant is represented by counsel, and if the defendant is indigent and desires counsel, the trial court shall appoint counsel.

*** The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

¶ 11    It is well established that the attorney's certificate must strictly comply with the requirements of Rule 604(d). See *People v. Janes*, 158 Ill. 2d 27, 35 (1994). If the certificate does not satisfy this standard, a reviewing court must remand the case to the trial court for proceedings that strictly comply with Rule 604(d). See *id.* Here, counsel did not file a Rule 604(d) certificate.

¶ 12    The State argues that "it is apparent from the record that, although the Public Defender was initially appointed to review defendant's post-plea motion, the trial court, *** Walstra, and defendant all understood that defendant was proceeding *pro se* on his motion to vacate his guilty

plea on September 10, 2018." The argument is meritless. Defendant's motion postplea motion was filed on July 10, 2018. On July 24, 2018, the trial court entered a written order appointing the public defender to represent defendant. The written order did not express any limitation on the scope of the public defender's representation. Walstra appeared in court on August 6, 2018. After Walstra responded to concerns about the timeliness of the motion, the trial court continued the matter for a hearing on the motion. It was at that hearing that Walstra explained to the court that she did not believe that there was any basis for defendant to withdraw his plea. Walstra stated "I believe he is trying to go, in essence, *pro se*." The State contends that, "[a]t no time after \*\*\* Walstra's explanation did defendant indicate that he did not wish to proceed *pro se* nor did he request different counsel." The argument is unavailing. Before allowing a defendant for whom counsel has been appointed to proceed *pro se* on a postplea motion, the trial court must ensure that the defendant knowingly and voluntarily waived the right to counsel under Rule 604(d). *People v. Ledbetter*, 174 Ill. App. 3d 234, 238 (1988). That did not occur here. Thus, defendant was entitled to representation by an attorney who complied with Rule 604(d). Because defendant's attorney failed to comply with that rule, the case must be remanded for further proceedings.

¶ 13                                III. CONCLUSION

¶ 14    For the foregoing reasons, we vacate the denial of defendant's postplea motion and remand the case for proceedings in full compliance with Rule 604(d).

¶ 15    Vacated and remanded.