2022 IL App (2d) 200600-U
No. 2-20-0600
Order filed March 28, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lee County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Nos. 17-CF-250 18-CF-53 |
| THOMAS W. FIALA, | ) ) ) | Honorable Jacquelyn D. Ackert, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE BRENNAN delivered the judgment of the court.
Justices Zenoff and Jorgensen concurred in the judgment.

**ORDER**

¶ 1   *Held*: The record did not support defendant's argument that postplea counsel breached his duties under Rule 604(d) by failing to include two particular claims in counsel's amended motion to withdraw defendant's guilty pleas. As for the first claim—that plea counsel was ineffective for misadvising defendant that certain pending cases would be dropped in exchange for his pleas—postplea counsel was not at fault for failing to raise it, because defendant first mentioned it at the hearing on the amended motion to withdraw the pleas. As for the second argument—that the trial court in sentencing defendant did not give due mitigation consideration to his guilty pleas— postplea counsel was not obligated to adopt this claim of defendant's, and, in any event, the claim would not have succeeded.

¶ 2    Defendant, Thomas W. Fiala, appeals from the dismissal of his amended motion to vacate his guilty plea, arguing that postplea counsel failed to comply with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). For the reasons that follow, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4    On October 27, 2017, defendant was charged (in case No. 17-CF-250) by amended information with two counts of making a false application or affidavit (MFA) (15 ILCS 335/14C(a)(1), (a)(3) (West 2016)). On December 20, 2018, defendant was charged (in case No. 18-CF-53) by information with one count of armed violence (720 ILCS 5/33A-2(a) (West 2018)), two counts of aggravated battery (*id.* § 12-3.05(c), (a)(1)), one count of unlawful possession of a weapon by a felon (UPWF) (*id.* § 24-1.1(a)), one count of unlawful use of a weapon (*id.* § 24-1(a)(8)), and one count of battery (*id.* § 12-3(a)(1)).

¶ 5    A plea hearing took place on October 31, 2019, at which defendant, who was represented by private counsel, agreed to plead guilty (in case No. 17-CF-250) to one count (count II) of MFA, a Class 4 felony (15 ILCS 335/14C(a)(3), (b)(1) (West 2016)), and (in case No. 18-CF-53) to one count (count IV) of UPWF, a Class 3 felony (720 ILCS 5/24-1.1(a), (e) (West 2018)). In exchange, the State agreed to *nolle pros* the remaining counts; there was no agreement on the sentence. Defendant confirmed his understanding of the agreement, the charges, and the potential sentences. He also confirmed that he understood that the State made no promises on sentencing, that the court would determine the sentence on each count, and that the sentences would be consecutive. Defendant acknowledged that he was giving up his right to a trial, which included his right to present witnesses. Defendant confirmed that no one was forcing him to plead guilty and that no one promised him anything, apart from the plea agreement, to induce his guilty plea.

¶ 6    The trial court heard the factual bases for the pleas. The State asserted that, as to the offense of UPWF, the evidence would establish that, on March 17, 2018, a Dixon police officer was dispatched for a disturbance at PatiO's in Dixon. Upon arrival, several witnesses stated that defendant possessed a switchblade during the disturbance. Defendant then admitted that he possessed a switchblade. Defendant had previously been convicted of a felony. As to the offense of MFA, the evidence would establish that a Secretary of State police officer investigated a claim that defendant applied for an identification card under the name of Danelle J. Fiala. Defendant confirmed to the investigating officer that the digital images connected with the identity of defendant and that of Danelle J. Fiala were both images of defendant. Defendant claimed it was an error and stated that he did not know how to get in touch with Danelle. Defendant's brother, David Fiala, confirmed that Danelle died in 1955. A death certificate confirmed Danelle's death.

¶ 7    The trial court found the factual bases sufficient and accepted defendant's guilty pleas. The court nol-prossed counts I, II, III, V, and VI in case No. 18-CF-53 and count I in case No. 17-CF-250, and it ordered a presentencing investigation.

¶ 8    A sentencing hearing took place on December 18, 2019. The State requested a sentence of three years on the MFA conviction and eight years on the UPWF conviction, to be served consecutively. Plea counsel requested a one-year sentence on the MFA conviction and a two-year sentence on the UPWF conviction. The trial court sentenced defendant to three years on the MFA conviction and to the maximum sentence of ten years on the UPWF conviction, to be served consecutively.

On January 14, 2020, defendant filed a *pro se* "Motion for Withdrawal of Guilty Plea," stating only that he wished to withdraw his guilty plea in both cases. Plea counsel did file a

"Motion to Vacate Guilty Plea," on January 15, 2020, asking for time to supplement the motion after complying with Rule 604(d) (eff. July 1, 2017).

¶ 9    On February 21, 2020, defendant filed a second *pro se* "Motion for Withdrawal of Plea." In it, he stated that he instructed plea counsel to withdraw the guilty pleas but that counsel failed to do so. In addition, he stated:

> "[Plea counsel] told me in court the reason my critical witness Detective Plumb from Ogle Co. Sherrifs [*sic*] Dept. was'nt [*sic*] there was because he intended to commit purgury [*sic*] on the stand! The other 4 witnesses also were not subpoenad [*sic*]. [Plea counsel] made this decision behind my back at the last minute against my instructions! Moreover ther [*sic*] is also the mysterious neglect of the Establishment surveilance [*sic*] tape wich [*sic*] [the State and plea counsel] would'nt [*sic*] use because Like the owner, the barmaid and myself would say It showed *exactly* what happened! That i was assaulted, beaten and robbed!!!! [Plea counsel] also attempted to have me sign an appellate motion relinquishing him from any further responsibilities for these two cases! But I refused. Somethings [*sic*] seriously afoul here and i intend to prove it at all costs!"

¶ 10    On March 10, 2020, plea counsel filed a motion to withdraw as counsel, citing defendant's possible claim of ineffective assistance of counsel. The trial court granted the motion and appointed the Lee County Public Defender's Office to represent defendant in the postplea proceedings.

¶ 11    On July 2, 2020, postplea counsel filed a "Motion to Withdraw Plea of Guilty and Vacate Judgment." Counsel asserted: (1) defendant's plea was not knowing or voluntary, (2) defendant is actually innocent, (3) plea counsel was ineffective for failing to use video surveillance to exonerate him of the UPWF charge and for failing to call certain witnesses, and (4) defendant's sentences

were excessive in that the court "did not take into account the appropriate factors in mitigation and/or relied too heavily on the factors in aggravation."

¶ 12     Also on July 2, 2020, postplea counsel filed a certificate under Rule 604(d) (eff. Jul 1, 2017), stating:

"1. I have consulted with the Defendant in person, by mail, by phone or by electronic means to ascertain the defendant's contentions of error in the entry of the plea of guilty and in the sentence;

2. I have examined the trial court file and report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing; and

3. I have made any amendments to the motion necessary for the adequate presentation of any defects in those proceedings."

¶ 13     On September 30, 2020, postplea counsel filed a "First Amended Motion to Withdraw Plea of Guilty and Vacate Judgment." Counsel reasserted the claims that (1) defendant's plea was not knowing or voluntary, (2) defendant is actually innocent, and (3) plea counsel was ineffective for failing to use video surveillance to exonerate him of the UPWF charge and for failing to call certain witnesses. Counsel eliminated the claim that defendant's sentences were excessive and replaced it with the following two paragraphs:

"The Defendant claims he was not given any 'consideration' for his guilty plea in 18 CF 53, notwithstanding the State's open court dismissal of Counts I, II, III, V & VI per Defendant's open plea to Count IV in 18 CF 53, a Class 3 felony. (The dismissed counts included a Class X felony, a Class 3 felony, a Class 4 felony and a Class A Misdemeanor).

*** The Defendant contends he was entitled to more consideration to enter his open plea in both matters captioned herein since the Court sentenced the Defendant to the

maximum term possible in 18 CF 53 (10 years [Department of Corrections (DOC)]. Defendant contends that there is a lack of the required consideration since his sentence was the maximum permitted by law, although the Court stated that no promises were made by the State to defendant as to what the Court's sentence would be and that the Court alone would be determining the sentence of 2 to 10 years [DOC]."

The motion asked the trial court to "allow defendant to withdraw the plea of guilty entered herein, vacate the judgment and set this case for pre-trial conference and disposition."

¶ 14    Also on September 30, 2020, postplea counsel filed a second certificate under Rule 604(d) (eff. July 1, 2017), which was identical to his previous certificate.

¶ 15    A hearing on the motion to withdraw defendant's guilty plea took place on October 13, 2020. On direct examination by postplea counsel, defendant agreed that he acknowledged at the plea hearing that he was entering an open plea, that the State had made no promises about sentencing, that the court would determine the sentence on each count, and that the sentences would run consecutively. He also confirmed that he was admonished as to the sentencing range for each offense, that he recognized his rights and agreed to waive them, and that no one forced him to plead guilty.

¶ 16    However, defendant claimed that none of his statements at the plea hearing were "voluntary," because they were based on plea counsel's advice "to keep things simple" and to "[j]ust answer as [counsel] instructed [him]." Defendant testified that he "had no choice" but to rely on plea counsel's advice because he "was in a hypoglycemic instability." Defendant testified: "[Plea counsel] never clarified what terms I was pleading guilty to. He led me to believe that [case

No. 18-CF-53] as well as Ogle County were going to be dropped."[1] Defendant testified that plea counsel "[led] him to believe that the evidence and argument [could] be made to exonerate the [MFA charge]."

¶ 17    Defendant testified that no promises were made to induce his plea, "aside from [plea counsel] telling [him] that Ogle and [case No. 18-CF-53] would be abolished." He also testified that he "was never made aware that all the terms were to be served consecutively." He further elaborated:

> "[Plea counsel] said that I would be looking at perhaps the most of two years on [case No. 18-CF-53] if not getting it exonerated altogether. I would be looking at the minimum based on circumstantial evidence for [case No. 17-CF-250] and he further told me that the State's Attorney in Ogle County would dismiss the cases once these were completed in Lee County."

When asked whether he was forced to plead guilty, he replied: "Nobody had a gun to my head."

¶ 18    Defendant also testified that, at the time of the plea, he did not understand the trial court's admonishments. He did not recall waiving his right to a trial. He stated: "[W]hy in God's earth would I deny my right to call five—make that six—specific witnesses, including Detective Plum, who could exonerate me from that charge? Why would I do that?" He testified that plea counsel

---

[1] During the pendency of this action, defendant had been arrested in Ogle County and charged with aggravated battery, domestic battery, and disorderly conduct, stemming from an incident that occurred on June 21, 2019, between defendant and his mother (case Nos. 19-CF-146 and 19-OP-121).

never used the video showing that defendant had been "assaulted, beaten and robbed" and did not call the witnesses who could exonerate him.

¶ 19    Defendant was also questioned by postplea counsel about the sentences he received:

"Q. Okay. It's your contention that you were sentenced in excess of what you should have been given considering the fact that you pled guilty. Is that right?

A. Absolutely.

Q. Okay. What was your sentence in the first matter?

A. That would be [case No. 18-CF-53]?

Q. Yes.

A. I got the maximum sentence on that.

Q. It's your contention that you should not have received the maximum because the State didn't give you any consideration?

A. Absolutely not.

Q. Make—can you make that clear for us? Do you—do you think you got consideration for entering that plea?

A. Oh, absolutely not.

Q. Okay. Notwithstanding the fact that prior to your plea the State stated that for your plea in [case No. 18-CF-53] they dismissed Counts 1, 2, 3, 5 and 6 of that charge, which included a Class X felony, a Class 3 felony and 4 Felony for which you would have been extended term also. Do you contend today that that was not consideration?

A. No, it's not consideration because none of that ever happened. That was fabricated charges.

Q. Okay. Thank you."

¶ 20    At the end of his examination of defendant, postplea counsel inquired: "Are you satisfied that I brought up all the concerns that we talked about that you wanted me to bring before the Court?" Defendant responded, "I think you covered—I think you covered them just fine[.]"

¶ 21    In closing arguments, postplea counsel argued:

> "Your Honor, [defendant] submits respectfully that all of his detailed testimony given this afternoon is in full support of his first amended motion to withdraw plea of guilty and vacate judgment in that his plea was not knowing, it was not voluntary, and it was brought about through ineffective assistance of counsel. Thank you."

¶ 22    The trial court denied the motion, noting defendant's statements and acknowledgments at the plea hearing. The court noted that, at the plea hearing, defendant was advised that it was an open plea (the nature of which the court explained) and acknowledged that he understood (1) the charges, (2) the possible penalties, (3) that the State made no promise on sentencing, (4) that the court would decide the individual sentences on the counts, and (5) that the sentences would be consecutive. The court also noted that defendant acknowledged the rights that he would waive if he pleaded guilty. The court further observed that the State agreed to dismiss five counts, one of which was a Class X felony, and that, without such concessions, defendant would have faced a much longer sentence than what was ultimately imposed. The court also noted that defendant never indicated that he had difficulty hearing the proceedings or that he was having any health issues. The court also remarked that defendant expressed no concerns on the day of the plea, despite his past willingness to voice concerns.

¶ 23    This timely appeal followed.

¶ 24                                    II. ANALYSIS

¶ 25    Defendant argues that postplea counsel failed to comply with Rule 604(d) (eff. July 1, 2017), because counsel failed to make "necessary" amendments to defendant's *pro se* motion to withdraw his guilty plea. More specifically, defendant argues that postplea counsel (1) failed to include defendant's claim "that [defense] counsel was ineffective for misadvising [defendant] that two pending cases would be dismissed if he plead guilty although [defendant] testified to this during the hearing on the motion" and (2) "failed to raise a viable sentencing issue in a motion to reconsider sentence."

¶ 26    Rule 604(d) "governs the procedure to be followed when a defendant wishes to appeal from a judgment entered upon a guilty plea." (Internal quotation marks and citation omitted.) *People v. Curtis*, 2021 IL App (4th) 190658, ¶ 29. The rule provides, in pertinent part, as follows:

> "No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment.
>
> ***
>
> The motion shall be in writing and shall state the grounds therefor. *** The motion shall be presented promptly to the trial judge by whom the defendant was sentenced ***. The trial court shall then determine whether the defendant is represented by counsel, and if the defendant is indigent and desires counsel, the trial court shall appoint counsel.
>
> *** The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the

plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

¶ 27    It is well established that counsel must strictly comply with the certificate requirements of Rule 604(d). See *People v. Janes*, 158 Ill. 2d 27, 33, 35 (1994). If counsel does not, we must remand the matter to the trial court "for the filing of a new Rule 604(d) certificate, for the filing of a new motion to withdraw guilty plea or to reconsider sentence, and for a new hearing on the motion." See *People v. Gorss*, 2022 IL 126464, ¶ 31. In addition, even where a Rule 604(d) certificate is valid on its face, remand is required if the record refutes the certificate. *People v. Bridges*, 2017 IL App (2d) 150718, ¶ 8. Here, there is no dispute that postplea counsel's Rule 604(d) certificate is valid on its face. Thus, the issue is whether, as defendant claims, the record refutes the certificate and demonstrates that postplea counsel failed to comply with the rule by failing to make "necessary" amendments. "Whether counsel complied with Rule 604(d) is a legal question that we review *de novo*." *Gorss*, 2022 IL 126464, ¶ 10.

¶ 28    Defendant first argues that the record refutes postplea counsel's certificate and demonstrates that counsel failed to comply with Rule 604(d), because postplea counsel never amended the motion to include defendant's claim that plea counsel was ineffective for misadvising defendant that certain pending cases would be dismissed if he pleaded guilty. Relying on *People v. Curtis*, 2021 IL App (4th) 190658, the State responds that the record does not refute postplea counsel's certificate, because (1) before defendant's testimony at the motion hearing, nothing indicates that he wanted to raise such a claim, and (2) the transcript from the plea hearing reflects that defendant was properly admonished and acquiesced to the terms of the plea. We agree with the State.

¶ 29    *Curtis* is instructive. There, the defendant pleaded guilty to two drug offenses, and the State dismissed several other pending charges, including being an armed habitual criminal and UPWF. *Id.* ¶¶ 4-5. The State presented evidence at the sentencing hearing that the defendant possessed firearms and had traded illegal drugs for a gun. *Id.* ¶¶ 10-11. Plea counsel objected to any testimony regarding the weapons. *Id.* ¶ 12. The trial court overruled the objection, and, in sentencing the defendant, noted that it did not place substantial weight on the fact that the defendant traded illegal drugs for a firearm. *Id.* ¶¶ 12,16-17. Later, the defendant filed a letter, which the trial court construed as a motion to withdraw the guilty plea and reconsider the sentence. *Id.* ¶ 18. In the letter, defendant argued that he was " 'hurt' " by the evidence presented at the sentencing hearing of " 'the gun charge that was dropped.' " *Id.* He further argued that plea counsel told him that someone else claimed ownership of the gun, which was why the State was willing to drop the " 'gun charge.' " *Id.* The defendant argued that, when the State later argued at sentencing that the defendant possessed the weapon, he felt that he had been "tricked" into pleading guilty. *Id.* The defendant was appointed counsel, who filed a Rule 604(d) certificate and an amended motion to withdraw the defendant's guilty plea or, alternatively, reconsider his sentence. *Id.* ¶ 21. The amended motion alleged that the defendant would not have pleaded guilty had he known that the weapons charges would be used against him at sentencing. *Id.* ¶¶ 19, 21. At the hearing on the amended motion, the defendant testified that he pleaded guilty only because plea counsel told him that the weapons charges would not be used against him. *Id.* ¶ 22. The trial court denied the motion. *Id.* ¶ 25.

¶ 30    The defendant appealed, arguing that, although postplea counsel filed a facially valid Rule 604(d) certificate, the record refuted postplea counsel's "certification that [counsel] made the amendments necessary to [the] defendant's *pro se* filing to adequately present defects in the guilty

plea proceedings." *Id.* ¶ 37. Specifically, the defendant argued that postplea counsel "should have, but failed, to allege [that] withdrawal of [the defendant's] pleas was warranted due to [plea counsel's] ineffectiveness in giving 'affirmative misadvise' regarding the use of evidence relating to [the] defendant's dismissed weapons charges." *Id.*

¶ 31    The Fourth District determined that the record did not refute postplea counsel's certification. *Id.* The court found nothing in the record, before the defendant's testimony at the hearing, that supported his claim that plea counsel improperly advised him about the effect of the dismissed weapons charges or that even indicated his desire to raise such a claim. *Id.* ¶ 38. The court noted that the defendant's *pro se* motion raised no claim that plea counsel provided improper or erroneous advice about pleading guilty. *Id.* In addition, the court noted that the transcript of the plea hearing reflected only that the defendant was properly admonished and that his pleas were knowing and voluntary. *Id.* The court found, moreover, that the claim omitted from the motion itself was "in essence" presented, through the defendant's testimony at the motion hearing. *Id.* ¶ 39. The Fourth District concluded that postplea counsel strictly complied with Rule 604(d). *Id.* ¶¶ 38, 41.

¶ 32    Here, as in *Curtis*, we find nothing in the record, before defendant's testimony at the motion hearing, to support defendant's claim that plea counsel improperly advised him that certain charges would be dismissed if he pleaded guilty. Contrary to defendant's assertion, his *pro se* motion did not raise any such claim. Defendant's reference in his *pro se* motion to conversations with plea counsel concerning the availability of certain witnesses would not have alerted postplea counsel to a claim that plea counsel misadvised defendant that certain charges would be dismissed. In addition, the transcript of the guilty plea hearing reflects only that defendant was properly admonished and that defendant's guilty pleas were knowing and voluntary. Defendant was advised

of the terms of the pleas and agreed with them. (We note that defendant's claim that he believed that "[case No. 18-CF-53] would be abolished" is puzzling given that he expressly pleaded guilty to count IV in that case.) Defendant stated that no one was forcing him to plead guilty and that no promises, apart from the plea agreement, had been made to him. "It is well settled that a defendant must alert the court at the guilty plea proceeding if his decision to plead guilty was influenced by something counsel told him that differed from the terms of the plea as described in court." *Diaz*, 2021 IL App (2d) 191040, ¶ 24. He did not do so here—either when he pleaded guilty or when he filed his *pro se* motion. "[A] facially valid Rule 604(d) certificate cannot be rebutted solely by a defendant's spurious claim that counsel misadvised him before he pleaded guilty, when the record reflects something completely contrary." *Id.* ¶ 30.

¶ 33     Moreover, as in *Curtis*, postplea counsel "in essence" put the claim that was missing from the amended motion before the trial court through defendant's testimony. Defendant testified that his plea was involuntary because plea counsel "led [defendant] to believe that [case No. 18-CF-53] as well as Ogle County were going to be dropped." Defendant testified that no promises were made to him when he pleaded guilty, "aside from [plea counsel] telling [him] that Ogle and [case No. 18-CF-53] would be abolished." The trial court rejected defendant's argument, based on defendant's assurances at the plea hearing.

¶ 34     Defendant's reliance on *People v. Winston*, 2020 IL App (2d) 180289, does not warrant a different conclusion, as it is readily distinguishable. In *Winston*, this court considered, (in what was the defendant's third appeal from the denial of her motion to withdraw her guilty plea), whether postplea counsel failed to comply with Rule 604(d) despite filing a facially valid certificate. *Id.* ¶¶ 1, 12. After the defendant filed a *pro se* postplea motion to " 'change plea,' " appointed postplea counsel filed an amended motion alleging that the defendant's guilty plea was

involuntary because the defendant was unaware that a felony conviction would adversely affect her educational and employment opportunities. *Id.* ¶ 3. At the hearing, postplea counsel also argued that there were " 'some questions' " as to whether the evidence was sufficient to prove the defendant guilty beyond a reasonable doubt and that " 'justice would be better served' " by setting the case for trial. *Id.* The court denied the motion. On appeal, we vacated and remanded, because postplea counsel failed to properly certify his compliance with Rule 604(d). *Id.* ¶¶ 1, 3.

¶ 35 On remand, postplea counsel filed a facially valid certificate. *People v. Winston*, 2017 IL App (2d) 160574-U, ¶ 9. At the hearing, which took place in the defendant's absence, counsel indicated that he had no new arguments to offer and presented "an exceedingly brief, incomplete, and unenlightening summary" of the grounds contained in the original motion. *Id.* ¶ 13. The trial court denied the motion. *Id.* ¶ 6. We reversed on appeal due to the inadequacy of the hearing, noting that it "did not reflect the appropriate focus and consideration of [the] defendant's motion." *Id.* ¶¶ 2, 13. In so doing, we noted that "[c]ounsel even failed to acknowledge the additional insufficiency of the evidence argument he put forth orally at the first hearing that had not been part of his written motion to withdraw defendant's guilty plea." *Id.* ¶ 13.

¶ 36 On the second remand, postplea counsel filed another facially valid Rule 604(d) certificate. *Winston*, 2020 IL App (2d) 180289, ¶¶ 4, 12. At the hearing on the motion to withdraw, counsel argued that the evidence was insufficient to prove defendant guilty beyond a reasonable doubt and elicited testimony from the defendant to that effect. *Id.* ¶¶ 4-5, 15. In support, counsel attempted to admit as exhibits four statements from witnesses that were included in police reports, but the State objected. *Id.* ¶ 8-9. The court sustained the objection and asked postplea counsel whether he wanted to continue the hearing to bring in witnesses. *Id.* ¶ 10. Counsel declined the court's offer, maintaining that the statements he sought to admit were similar to the defendant's testimony. *Id.*

The court denied the motion to withdraw the plea, reasoning that, despite having the opportunity to do so, the defendant failed to present evidence to support her claim. *Id.*

¶ 37 On appeal, we determined that postplea counsel's failure to raise and support the insufficiency-of-the-evidence claim in the amended motion refuted counsel's Rule 604(d) certificate. *Id.* ¶ 16. We found that, because counsel argued that the evidence was insufficient to prove the defendant's guilt beyond a reasonable doubt, "counsel was obligated to advance that argument in an amended motion supported by affidavits from the witnesses whose testimony supposedly would have exonerated defendant." *Id.* ¶ 15.

¶ 38 Here, unlike in *Winston*, postplea counsel did not expressly adopt and then fail to properly support defendant's claim that his plea was involuntary due to counsel's alleged misadvice that certain charges would be dropped. Instead, as noted, this claim was raised by defendant for the first time at the motion hearing. In addition, the court heard defendant's testimony and rejected it as rebutted by defendant's testimony at the plea hearing.

¶ 39 Defendant also argues that the record refutes counsel's certificate and demonstrates that he failed to comply with Rule 604(d), because postplea counsel "failed to raise a viable sentencing issue in a motion to reconsider sentence." In response, the State cites *People v. Jordan*, 209 Ill. App. 3d 983, 986 (1991), for the proposition that Rule 604(d) does not apply to motions to reconsider sentence. The State argues that the question is whether defendant can establish that he was prejudiced by postplea counsel's failure to file a motion to reconsider the sentence. The State is incorrect. When *Jordan* was decided, Rule 604(d) did not require postplea counsel to review the transcript of the sentencing hearing. The version applicable here, however, did so require. See Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

¶ 40    Nonetheless, defendant's argument fails. Defendant again relies on *Winston*. Defendant argues that postplea "counsel's amended motion as well as the questions that he asked [defendant] provided the contours of an excessive sentence claim." According to defendant, because counsel, as in *Winston*, acknowledged the issue, counsel's failure to present the excessive sentence claim in the proper form refutes the certificate. We disagree.

¶ 41    Again, we find *Winston* distinguishable. There, counsel did more than just acknowledge the issue—he expressly argued it and unsuccessfully attempted to admit evidence to support it. Counsel then declined the court's offer to continue the hearing and bring in witnesses. Here, postplea counsel did not expressly argue at the motion hearing that defendant's sentences were excessive. To be sure, in the initial motion to withdraw defendant's guilty plea, which postplea counsel filed on July 2, 2020, counsel did raise an express claim that defendant's "sentences were excessive and that the Court did not take into account the appropriate factors in mitigation and/or relied too heavily on the factors in aggravation." However, postplea counsel did not make that excessive sentence claim in the "First Amended Motion." Instead, counsel replaced it with defendant's claim that "he was not given any 'consideration' for his guilty plea ***, notwithstanding the State's open court dismissal" of five other counts and that "he was entitled to more consideration to enter his open plea in both matters *** since the Court sentenced [him] to the maximum term." We disagree with defendant that this language and defendant's testimony required counsel to raise an excessive sentence claim in a motion to reconsider his sentence. Although *defendant* may have believed that the trial court did not give him "consideration" for entering his plea because the dismissed charges were "fabricated," counsel was not obligated under Rule 604(d) to adopt this allegation and craft it into an excessive sentence claim. See *Diaz*, 2021 IL App (2d) 191040, ¶ 26. As the record reflected and the trial court noted, in exchange for

defendant's plea, the State dismissed several other charges, one of which was a Class X felony that would have subjected defendant to much longer sentences than what was imposed. Thus, a motion for reconsideration of defendant's sentence, based on defendant's claim that he did not receive "consideration" for his guilty plea, would have been futile and, as such, was not necessary.

¶ 42    Based on the foregoing, we find no support for defendant's argument that the record refutes counsel's facially valid Rule 604(d) certificate.

¶ 43                                III. CONCLUSION

¶ 44    For the reasons stated, we affirm the judgment of the circuit court of Lee County.

¶ 45    Affirmed.