NOTICE
Decision filed 10/11/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220402-U

NO. 5-22-0402

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Moultrie County. |
| | ) | |
| v. | ) | No. 17-CF-51 |
| | ) | |
| DARNELL SHELBY, | ) | Honorable |
| | ) | Gary A. Webber, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE McHANEY delivered the judgment of the court.
Justices Welch and Moore concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Remand is not proper where postplea counsel's certificate complied with Illinois Supreme Court Rule 604(d).

¶ 2    After entering into a negotiated guilty plea to one count of predatory criminal sexual assault of a child in exchange for the State's dismissal of count II, the defendant moved to withdraw his guilty plea prior to sentencing. The trial court found the defendant's motion to withdraw was premature and sentenced the defendant to nine years in the Illinois Department of Corrections (IDOC) plus four years of mandatory supervised release. The defendant's postplea counsel filed a certificate pursuant to Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). The defendant now challenges whether his postplea counsel's certification complied with Rule 604(d).

1

¶ 3                                    I. Background

¶ 4      On December 14, 2017, the defendant, Darnell L. Shelby, was charged with one count of predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2016)). On March 1, 2021, the defendant was charged with an additional count of predatory criminal sexual assault of a child. *Id*. On July 23, 2021, the State and the defendant entered into a negotiated plea agreement wherein the defendant would serve nine years in IDOC on count I in exchange for the State's dismissal of count II.

¶ 5      On February 7, 2022, the defendant filed a motion to withdraw his guilty plea and/or motion to continue the sentencing. In his motion to withdraw, the defendant asserted that he did not want to accept the negotiated plea agreement despite his previous statement to the contrary; that he was overwhelmed by emotion when he accepted the plea; that although no one person had pressured him, he felt a sense of pressure to accept the offer; that he was not fully prepared to accept the offer; and that he did not knowingly and voluntarily accept the plea.

¶ 6      At the hearing on the defendant's motion to withdraw his guilty plea, defense counsel argued that the continuance was necessary because the defendant had recently suffered a house fire and had ongoing medical conditions for which he was seeking treatment. The defendant clarified that he was not moving to continue the motion to withdraw his guilty plea, but rather to continue the sentencing in the event the motion to withdraw his guilty plea was denied. The original guilty plea had been entered into on July 23, 2021. At that time the trial court had conditionally accepted the negotiated plea agreement pending the presentation of any victim impact statement after which the trial court would consider whether to accept or reject the plea agreement. However, the original guilty plea hearing was continued because defense counsel withdrew, and the defendant needed time to get substitute counsel.

¶ 7    At the scheduled hearing on February 7, 2022, the trial court noted that the defendant's motion to withdraw his guilty plea was premature since judgment and sentencing had not yet occurred. Postplea counsel argued that he did not think the rules required the defendant to wait until after sentencing to attempt to withdraw his guilty plea and sought to have the trial court vacate the defendant's guilty plea prior to sentencing "because [the defendant] had a change of heart." Postplea counsel argued that the defendant was dissatisfied with the terms of the sentence, had not been fully prepared to take the plea, and was unable to understand fully what he was doing when he pleaded guilty. The State did not object to the defendant's motion to withdraw his guilty plea. The trial court denied the defendant's motion to withdraw his guilty plea prior to sentencing and also denied his motion to continue the sentencing hearing. After considering the victim impact statement, the trial court concurred in the negotiated plea agreement and sentenced the defendant pursuant to that agreement.

¶ 8    On February 11, 2022, the defendant filed a motion to reconsider. On March 25, 2022, a hearing was held on the defendant's motion, among other posttrial motions. The trial court stated that it considered the hearing to be a rehearing on the defendant's motion to withdraw his guilty plea since the trial court previously had found that the motion was premature prior to sentencing. The trial court, noting that argument on the defendant's motion to withdraw his guilty plea had been made previously, asked postplea counsel if he wished to make new arguments. The following colloquy ensued:

> "THE COURT: So then, with regard to your pending motion, what do you wish to state at this time?
>
> [POSTPLEA COUNSEL]: If I may, Your Honor, may it please the court and counsel, I would ask the court to reconsider the request to my client's motion to withdraw

his guilty plea as well as the sentence. He did not believe that he was entering into the negotiated disposition knowingly and voluntarily. I believe that there were some things that he did not understand and they affected his decision to make that agreement. And if the agreement is going to be enforced, then I would ask the court to reduce the sentence as of nine years as I believe it's excessive in the situation and via any medication in this case. Thank you, Your Honor.

THE COURT: Thank you, Mr. McWard. Ms. Weaver, do you wish to be heard?

[THE STATE]: Thank you, Your Honor. Mr. Shelby's motion to reconsider does not list anything new that the court hasn't already considered, and I know Your Honor did consider things previously. We did set forth a factual basis for the plea. Mr. Shelby did have ample time to consider the state's offer. It was a negotiated plea of nine years. I don't think the defendant alleges anything that warrants the relief he is now seeking of either a reduction in sentence or the ability to withdraw his guilty plea.

THE COURT: Thank you."

¶ 9     The trial court denied the defendant's motion to reconsider and motion to withdraw his guilty plea, finding that feeling regret after entering into a negotiated plea agreement was not grounds to allow withdrawal. The trial court found there was no evidence of any outside pressure or force; no evidence of anything affecting the defendant's ability to make a rational or reasonable decision; and no evidence that the defendant did not voluntarily and knowingly enter into the agreement.

¶ 10    On April 21, 2022, postplea counsel filed a Rule 604(d) certificate wherein he certified that he had "consulted with the Defendant either by telephone, mail, electronic means or in person to ascertain the Defendant's contentions or error in the sentence and the entry of the pleas of guilty;

4

examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing; and made any amendments to the Motion to Withdraw his Guilty Plea in those proceedings, and any other proceedings."

¶ 11                                    II. Analysis

¶ 12    On appeal, the defendant asserts that the cause must be remanded to the trial court because his postplea counsel did not comply with Illinois Supreme Court Rule 604(d).

¶ 13    "Remand is required where counsel fails to strictly comply with the requirements of Rule 604(d)." *People v. Richard*, 2012 IL App (5th) 100302, ¶ 10. Rule 604(d) "governs the procedure to be followed when a defendant wishes to appeal from a judgment entered upon a guilty plea." (Internal quotation marks omitted.) *People v. Curtis*, 2021 IL App (4th) 190658, ¶ 29. "Rule 604(d) requires that counsel certify three things: (1) that he consulted with the defendant to ascertain his contentions of error in both the sentence and guilty plea, (2) that he reviewed the common-law record and the report of proceedings from both the guilty plea and sentencing hearings, and (3) that he made any necessary amendments to the motion." *People v. Gorss*, 2022 IL 126464, ¶ 24; see Ill. S. Ct. R. 604(d) (eff. July 1, 2017). "Whether counsel complied with Rule 604(d) is a legal question that we review *de novo.*" *Gorss*, 2022 IL 126464, ¶ 10.

¶ 14    In his Rule 604(d) certificate, postplea counsel certified that he had "[m]ade any amendments to the Motion to Withdraw his Guilty Plea in those proceedings, and any other proceedings." Thus, the defendant's claim of error on appeal is that in his Rule 604(d) certificate, postplea counsel left out the word "necessary" and thereby failed to certify that he had made "any *necessary* amendments" as required by the rule. The State contends that an averment that postplea counsel made "any amendments" is broader than an averment that he made only the "necessary amendments." We find that the State has the more well-reasoned argument.

¶ 15    "It is well established that counsel must strictly comply with the certificate requirements of Rule 604(d)." *People v. Taylor*, 2023 IL App (1st) 171631, ¶ 12. However, "[t]he certificate need not recite word for word the verbiage of the rule." *People v. Wyatt*, 305 Ill. App. 3d 291, 297 (1999). Here, as in *Wyatt*, the defendant attempts to take strict compliance with Rule 604(d) to unreasonable extremes. *Id.* Although postplea counsel did not make a verbatim recitation of the rule in his certificate, his averment that he made "any amendments" established that he made the necessary amendments as anticipated by the rule. Accordingly, we find that postplea counsel sufficiently certified that he performed the duties required under Rule 604(d).

¶ 16    The defendant next maintains that postplea counsel's argument at the hearing suggested there were more amendments that could have been added to the certificate and, thus, the Rule 604(d) certificate was not in compliance. Specifically, the defendant noted that while postplea counsel stated there were "some things" that the defendant did not understand that affected his decision to enter into the agreement, the Rule 604(d) certificate did not allege what things the defendant failed to understand, nor did it allege how these things affected the defendant's decision to accept the plea.

¶ 17    The State counters that postplea counsel's "some things" statement was made in the context of asking the trial court to reconsider its decision made at the prior hearing on the motion to withdraw. In his written motion to withdraw his plea, the defendant argued that he "was not fully prepared to accept the offer and enter his pleas on June 23, 2021." At the hearing on that motion, postplea counsel argued the defendant was not prepared to take the plea and was unable "to fully understand what he was doing." As such, counsel's argument at the hearing on the motion to reconsider, that "there were some things that [defendant] did not understand," was simply a continuation of the argument from the prior hearing that the defendant did not understand what he

6

was doing by pleading guilty. Both of the arguments arose out of the defendant's written argument that he was not fully prepared to accept the State's offer. We agree with the State's argument.

¶ 18    "It is well established that the attorney's certificate must strictly comply with the requirements of Rule 604(d)." *People v. Winston*, 2020 IL App (2d) 180289, ¶ 14. "If the certificate does not satisfy this standard, a reviewing court must remand the case to the trial court for proceedings that strictly comply with Rule 604(d)." *Id*. "Moreover, even when the certificate is valid on its face, a remand will be necessary if the record refutes the certificate." *Id*. Where counsel filed a facially valid Rule 604(d) certificate, a reviewing court may consult the record to determine whether counsel fulfilled his or her obligations under the rule. *People v. Bridges*, 2017 IL App (2d) 150718, ¶ 8.

¶ 19    Here, review of the record reveals that postplea counsel's statement that "there were some things that [defendant] did not understand" was not a new, stand-alone argument which he failed to raise in the written motion; rather, it was simply part of his written argument that he was not prepared to accept the State's offer because he did not understand what he was doing by pleading guilty. Accordingly, we find that postplea counsel fulfilled his obligations under Rule 604(d).

¶ 20                                    III. Conclusion

¶ 21    For the foregoing reasons, we conclude that remand is not proper where postplea counsel complied with Illinois Supreme Court Rule 604(d). Accordingly, we affirm the trial court's judgment.


¶ 22    Affirmed.