NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 241354-U

NO. 4-24-1354

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 13, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Whiteside County |
| DOUGLAS M. STREHLOW, | ) | No. 18CF164 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Patricia A. Senneff, |
| | ) | Judge Presiding. |

JUSTICE DOHERTY delivered the judgment of the court.
Justices Lannerd and Grischow concurred in the judgment.

**ORDER**

¶ 1     *Held*: Defense counsel did not strictly comply with Illinois Supreme Court Rule 604(d)
        (eff. July 1, 2017), so the trial court's order denying defendant's postplea motions
        is vacated and the matter is remanded so that counsel may comply with the rule.

¶ 2     Defendant Douglas M. Strehlow pleaded guilty to aggravated driving under the
influence of alcohol (DUI) (625 ILCS 5/11-501(a)(1) (West 2016)) and was sentenced to eight
years' imprisonment. Defendant's counsel filed a motion to reconsider the sentence but did not
file a certificate pursuant to Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). The trial court
denied defendant's motion to reconsider. Defendant appealed, and this court allowed his agreed
motion for summary remand to the trial court for strict compliance with Rule 604(d). *People v.
Strehlow*, No. 4-24-0244 (May 20, 2024).

¶ 3     On remand, defense counsel filed motions to withdraw defendant's guilty plea and
to reconsider his sentence, along with a Rule 604(d) certificate. Following a hearing, the trial court

denied defendant's motions, and defendant again appealed. In this appeal, defendant argues this case must be remanded again because his counsel failed to strictly comply with Rule 604(d), and the State agrees. For the reasons that follow, we vacate the denial of defendant's motions to withdraw his guilty plea and to reconsider his sentence and remand for further proceedings.

¶ 4                                    I. BACKGROUND

¶ 5          In June 2018, defendant was charged by information with two counts of aggravated DUI (625 ILCS 5/11-501(a)(1), (a)(2) (West 2016)). The charges arose from an August 2017 motor vehicle collision which resulted in the death of Summer Harmon.

¶ 6          In September 2021, the trial court conducted a conference pursuant to Illinois Supreme Court Rule 402 (eff. July 1, 2012). After defendant was admonished under the rule and advised the court may make a recommendation on an appropriate sentence at the end of the conference, the judge stated she would "go back into chambers with the attorneys. They will tell me what they would like me to know and then I will probably make a recommendation." Defendant was advised of his next court date and allowed to leave. The record does not contain a transcript of the Rule 402 conference held in chambers.

¶ 7          In November 2022, defendant pleaded guilty to the aggravated DUI charge contained in count I of the information in exchange for dismissal of count II of the information. The parties had no agreement as to the sentence.

¶ 8          Following a September 2023 sentencing hearing, the trial court sentenced defendant to eight years in prison. Defendant filed a motion to reconsider his sentence, claiming it was excessive given the circumstances. Defense counsel, however, did not file a certificate in compliance with Rule 604(d). The court denied defendant's motion to reconsider his sentence and defendant appealed. In May 2024, this court entered an order allowing defendant's motion for

summary remand to the trial court for strict compliance with Rule 604(d). *People v. Strehlow*, No. 4-24-0244 (May 20, 2024).

¶ 9 On remand, defendant refiled his motion to reconsider his sentence as excessive. Defendant also filed a motion to withdraw his guilty plea, which included the same allegations as his motion to reconsider his sentence, but, at the end of the motion, added "[i]n light of the foregoing and the cause's record, Defendant's plea was entered due to a misapprehension of the facts or law" and "the ends of Justice will be served by holding a trial." Defendant's counsel filed a Rule 604(d) certificate. In pertinent part, counsel certified he had "made any amendments to the motion necessary for the adequate presentation of any defects in [the] proceedings."

¶ 10 At the September 2024 hearing on the motions, defense counsel called defendant to testify and asked why defendant believed he should be allowed to withdraw his guilty plea. When defendant attempted to recount a conversation he had with counsel about the Rule 402 conference, the trial court stated:

"I'm not going to listen to anything regarding [the] 402 conference.

Everybody in here knows that 402 conferences are not binding on the court. They are simply advisory opinions given by the court.

I do not record those so that I will not be prejudiced in the future if in fact I have to sentence someone ***, and those are private conversations for a reason.

So, I'm not going to listen to any testimony about any 402 conference."

¶ 11 Defendant then testified that the medications he was taking at the time of his guilty plea "possibly" affected his judgment. Defendant testified, "I can't really say what my judgment is on a lot of things when I'm on the medication." The State objected to this line of questioning as beyond the scope of defendant's motion to withdraw his guilty plea. The trial court stated, "This

is the very first that any of us are hearing of this," and agreed that defendant's motion failed to include allegations about the effects of his medication. The court nonetheless gave counsel "some latitude" to question defendant about this issue. In response to counsel's questioning, defendant then testified about the medications he was taking at the time of his guilty plea and their effects on his judgment.

¶ 12    In his argument, defendant contended his guilty plea was not knowing and voluntary "because of external factors, his injuries and the medications." Following arguments, the trial court denied defendant's motion to withdraw his guilty plea and his motion to reconsider his sentence.

¶ 13    This appeal followed.

¶ 14                                    II. ANALYSIS

¶ 15    Defendant contends the record shows his postplea counsel failed to strictly comply with Rule 604(d) on remand, despite filing a facially valid Rule 604(d) certificate. Defendant argues his motion to withdraw his guilty plea did not include the claim raised for the first time at the hearing, *i.e.*, his guilty plea was not knowing and voluntary due to the effects of his medications. Counsel also failed to attach an affidavit or documentation to support his claim. Accordingly, defendant maintains the record refutes counsel's Rule 604(d) certificate asserting counsel made any amendment to the motion necessary for adequate presentation of defendant's claims and this case must be remanded again for strict compliance with the rule. In the alternative, defendant contends this court should remand for resentencing because his eight-year sentence was excessive.

¶ 16    The State agrees that defense counsel failed to make necessary amendments to the motion and to provide evidentiary support for defendant's claim, as required by Rule 604(d). The

State, therefore, concedes a remand for strict compliance with Rule 604(d) is required in this case. We accept the State's concession.

¶ 17          "Rule 604(d) governs the procedure to be followed when a defendant wishes to appeal from a judgment entered upon a guilty plea." *In re H.L.*, 2015 IL 118529, ¶ 7. The rule requires postplea motions to be in writing and to be supported by an affidavit when the defendant's claim is based on facts that do not appear in the record. Ill. S. Ct. R. 604(d) (eff. July 1, 2017). The rule also provides, in pertinent part, as follows:

> "The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." *Id.*

¶ 18          Defense counsel must strictly comply with the certification requirement of Rule 604(d). *People v. Janes*, 158 Ill. 2d 27, 35 (1994). The remedy for failure to strictly comply with Rule 604(d) is a remand to the trial court for strict compliance. *Id.* at 33. Even when counsel files a facially compliant Rule 604(d) certificate, courts may review the record to determine whether counsel actually fulfilled the obligations outlined in the rule. *People v. Gray*, 2023 IL App (4th) 230076, ¶ 30; *People v. Curtis*, 2021 IL App (4th) 190658, ¶ 37 ("[A] facially valid Rule 604(d) certificate may be refuted by the record."). We review counsel's compliance with Rule 604(d) *de novo*. *Gray*, 2023 IL App (4th) 230076, ¶ 30.

¶ 19          In this case, the record refutes defense counsel's facially valid Rule 604(d)

certificate. Although counsel certified he "made any amendments to the motion necessary for the adequate presentation of any defects in [the] proceedings," the motion to withdraw defendant's guilty plea did not include any allegation that the plea was involuntary due to the effects of defendant's medications. At the motion hearing, however, the focus of the testimony and counsel's argument was the claim that defendant's guilty plea was not knowing and voluntary because his medications affected his ability to understand the proceedings. The State promptly objected to counsel's attempt to raise this issue because it was not alleged in his motion. In response, the trial court stated, "This is the very first that any of us are hearing of this," and agreed this claim was not included in defendant's motion.

¶ 20        Contrary to counsel's Rule 604(d) certificate, the record clearly shows he failed to make "amendments to the motion necessary for adequate presentation of any defects in [the] proceedings." Ill. S. Ct. R. 604(d) (eff. July 1, 2017). Additionally, counsel did not provide an affidavit or other evidentiary support for defendant's claim that his medications affected his ability to enter a knowing and voluntary guilty plea, as required by Rule 604(d). When the record refutes counsel's Rule 604(d) certificate, remand to the trial court is required for strict compliance with the rule. See *People v. Winston*, 2020 IL App (2d) 180289, ¶ 18 (stating, despite counsel's facially valid Rule 604(d) certificate, "we fail to see how counsel could raise a new claim at the hearing and yet deem it unnecessary to amend the motion to include that claim"); *People v. Bridges*, 2017 IL App (2d) 150718, ¶ 9 (stating counsel's certification that she made any necessary amendments to defendant's motion was refuted because counsel failed to attach an affidavit substantiating new allegations in the motion that were not supported by the record).

¶ 21        In sum, we conclude that the record refutes defense counsel's Rule 604(d) certification that he "made any amendments to the motion necessary for the adequate presentation

of any defects" in the guilty plea proceedings. Accordingly, we vacate the denial of defendant's motions and remand to the trial court for (1) the opportunity to file new motions, if counsel concludes new motions are necessary, (2) the filing of a valid Rule 604(d) certificate, and (3) a new motion hearing. See *People v. Lindsay*, 239 Ill. 2d 522, 531 (2011); Ill. S. Ct. R. 604(d) (eff. July 1, 2017). Given our decision that remand is necessary for further postplea proceedings, we do not reach defendant's alternative claim that his sentence was excessive.

¶ 22        Finally, we note that the trial court did not allow defendant to testify about the Rule 402 conference at the motion hearing, stating the conference was not recorded and "those are private conversations." We understand the court's reluctance to permit a defendant from arguing that some binding commitment had been made by the court at the Rule 402 conference, but the record here suggests that defendant was attempting to give testimony concerning his interactions with his own attorney. As this court has explained, "[n]othing in Rule 402 prohibits a trial court from making a record of what was said at a Rule 402 conference, and such a record might address some of the problems that arise from Rule 402 conferences." *People v. Higgins*, 2023 IL App (4th) 220837, ¶ 76. Judicial proceedings are intended to be transparent whenever feasible, particularly in the criminal justice system. *Id.* ¶¶ 89-91. Accordingly, the trial court should take note of the discussion in *Higgins* when conducting the hearing on remand. See *id.* ¶¶ 73-93. In particular, defendant should be allowed to make a record of what was said at the Rule 402 conference if it is relevant to the issues raised in his postplea motions.

¶ 23                                III. CONCLUSION

¶ 24        For the reasons stated, we vacate the trial court's judgment and remand for further proceedings.

¶ 25        Order vacated; cause remanded with directions.