NOTICE
Decision filed 10/20/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 241337-U

NO. 5-24-1337

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Champaign County. |
| | ) | |
| v. | ) | No. 24-CF-330 |
| | ) | |
| HARVEY BLAKELY, | ) | Honorable |
| | ) | Roger B. Webber, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE SHOLAR delivered the judgment of the court.
Justices Cates and Hackett concurred in the judgment.

**ORDER**

¶ 1     *Held*:  Where postplea counsel failed to amend the motion to withdraw guilty plea to include issue regarding defendant's mental health, the record rebutted the statement in counsel's Rule 604(d) certificate that she had made all necessary amendments to the motion, and we thus vacate the order denying the motion and remand for full compliance with the rule.

¶ 2     Defendant, Harvey Blakely, appeals the circuit court's order denying his motion to withdraw his guilty plea. He contends that his postplea counsel violated Illinois Supreme Court Rule 604(d) (eff. Apr. 15, 2024) where, despite evidence of defendant's mental health problems, she failed to amend the motion to withdraw to include this issue or provide evidentiary support for it. The State confesses error.

1

¶ 3                                    I. BACKGROUND

¶ 4       On March 18, 2024, the State charged defendant with unlawful possession of a weapon by

a felon (720 ILCS 5/24-1.1(a) (West 2022)), being an armed habitual criminal (730 ILCS 5/3-6-

3(a)(2)(ii) (West 2022)), and unlawful possession of a controlled substance (720 ILCS 570/402(c)

(West 2022)). The same day, the State sought to detain defendant pretrial. The pretrial

investigation report stated that he experienced mental health issues, including bipolar disorder,

post-traumatic stress disorder, and anxiety, "all for which he is prescribed medication." His

attorney at the pretrial release hearing stated that defendant "has mental health issues and is

currently struggling with the medication that he's prescribed. He wants—he wants medical

attention and a mental health assessment to help sort out those medications and to sort out his

mental health." The court found that defendant posed a real and present danger to the community

that conditions could not mitigate.

¶ 5       On September 25, 2024, defendant entered a fully negotiated guilty plea to unlawful

possession of a weapon by a felon. The court collectively admonished several defendants in the

courtroom about the rights they would be giving up by pleading guilty. The court then individually

questioned defendant, who told the court that he was 39 years old and had completed his GED. He

said that he understood the court's admonishments and had no questions about them.

¶ 6       The terms of the agreement were that, in exchange for his plea, defendant would receive a

four-year sentence. He would receive credit for 211 days in pretrial custody. The State would

dismiss the remaining charges. The court reviewed the charge with defendant as follows:

          "THE COURT: Count 1 which I'm told you will plead guilty to alleges on March

          16th of this year you committed the offense of unlawful possession of a weapon by a felon

          on mandatory supervised release. Specifically, it's alleged that you have a prior conviction

                                                  2

for threatening a public official which is a felony in Illinois and that conviction occurred in Champaign County case No. 21-CF-238. It's alleged that with that conviction you knowingly possessed a firearm, specifically a .45 caliber Rock Island US M1911-Al pistol, and that you were on mandatory supervised release or parole at the time of the offense.

Do you understand what you're accused of?

THE DEFENDANT: I do."

¶ 7    The court explained the range of penalties, which defendant said he understood. The court then asked defendant if he had any questions about the rights he was giving up by pleading guilty. Defendant responded: "No, but is it is it—it's my understanding that you said I got 30 days for the pleading; right?" Defendant clarified that he wanted to plead guilty.

¶ 8    The State then provided the factual basis that on March 16, 2024, police were called when defendant and his girlfriend, Ashley Enriquez, engaged in a loud argument. Several children present reported that defendant had a gun. Enriquez gave police consent to search the house. Defendant "was paroled to that location." Police removed defendant from the house and found a .45-caliber handgun and less than 15 grams of drugs in a drawer that he and Enriquez shared. Enriquez denied owning the items.

¶ 9    The court found the plea knowing and voluntary and accepted it. The court imposed the agreed-upon sentence. The court reminded defendant that it had described his appeal rights. Defendant said that he understood his rights. The following colloquy then occurred:

"THE COURT: Any questions at all about those rights or how to start the process?

THE DEFENDANT: I got questions, but Imma [*sic*]—Imma go look it up myself. It's just the Champaign—Champaign County Jail don't give you pretty—too much option even though it's digital now.

3

THE COURT: Okay.

THE DEFENDANT: They don't give too many options now.

THE COURT: But essentially you understand if you want to appeal—

THE DEFENDANT: Yes.

THE COURT:—the first thing you have to do is file a motion to withdraw your guilty plea?

THE DEFENDANT: Yes. I—I am not going to withdraw it. I just got some more stuff I need to look up."

¶ 10 On October 31, 2024, defendant filed a *pro se* motion to withdraw his plea. He alleged that the plea was coerced and that he did not receive proper presentence credit. He also contended that the factual basis for the plea was inadequate, where the police falsely claimed that he had a parole warrant before his arrest; he also said that the warrant was forged.

¶ 11 The court reappointed the public defender, who filed an amended motion to withdraw and a facially valid Rule 604(d) certificate. The amended motion alleged that defendant's plea was involuntary because he mistakenly believed that he was pleading guilty to unlawful possession of a controlled substance rather than the weapons charge. The motion further alleged that defendant was entitled to additional credit for working in the county jail. Finally, the motion contended that defendant wanted to go to trial because he believed that the search that located the gun and drugs was unlawful. He claimed that a parole warrant had been discussed but had not been issued at the time of his arrest.

¶ 12 A hearing on the motion to withdraw guilty plea was held on January 23, 2025. Defendant testified that his lawyer at the time told him that he would be pleading guilty to drug possession. He did not recall the court discussing the weapon charge; he only remembered the court repeatedly

mentioning "possession." Defendant elaborated, "I hadn't took my meds for, for seven months. They had me in the county without my psych meds for seven and a half months."

¶ 13 In response to follow-up questioning, defendant said that he had bipolar disorder, post-traumatic stress disorder, and "two other things I can't—I don't know the words to." He was prescribed Zoloft, gabapentin, and something to help him sleep. He confirmed that he did not receive his medication while being housed in the county jail, despite requesting it. When asked whether not receiving his medication made him mentally unstable, he replied, "Yes, ma'am."

¶ 14 Defendant said that, despite his requests, his previous attorney did not file any pretrial motions. He explained that the police told Enriquez that they had a parole warrant, so she might as well consent to the search.

¶ 15 Defendant testified that he never saw any discovery. However, when the State reduced its offer from "22 at 85" to "6 at 50 to 4 at 50, it made me wonder." However, he was unsure whether there was a basis for a suppression motion because he lacked legal training. Moreover, "I didn't have my pills. I didn't—I'm, I'm a little coherent now because I been having my medicine, but I hadn't had nothing." In response to counsel's question, he confirmed that, during the plea hearing, he did not know what he was doing. In closing, defense counsel argued, "my client obviously suffers from mental health issues and was unmedicated at the time that the plea went through."

¶ 16 The court denied the motion to withdraw. The court reviewed the transcript of the plea hearing, noting that defendant consistently stated that he understood the process, and specifically stated that he understood that he was pleading guilty to unlawful use of a weapon. Defendant timely appealed.

¶ 17                                    II. ANALYSIS

¶ 18    Defendant contends that postplea counsel did not strictly comply with Rule 604(d). He claims that, despite evidence that he had been diagnosed with mental health issues and prescribed multiple medications—which he had not been receiving for more than seven months before the plea hearing—counsel never amended the motion to withdraw the plea to include this issue. The State confesses error.

¶ 19    Rule 604(d) requires counsel representing a defendant on a postplea motion to

"file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. Apr. 15, 2024).

¶ 20    The attorney's certificate must strictly comply with Rule 604(d). *People v. Winston*, 2020 IL App (2d) 180289, ¶ 14 (citing *People v. Janes*, 158 Ill. 2d 27, 35 (1994)). If the certificate does not comply, we must remand the case to the trial court for proceedings that strictly comply with the rule. *Id.*

¶ 21    Moreover, even when the certificate is facially valid, remand is necessary if the record refutes the certificate. *Id.* citing *People v. Bridges*, 2017 IL App (2d) 150718, ¶ 8. A facially compliant certificate may be impeached where the record "casts doubt on whether counsel actually consulted with defendant or made any amendments to adequately present defendant's *pro se* claim." *People v. Gray*, 2023 IL App (4th) 230076, ¶ 32.

6

¶ 22    Defendant concedes that postplea counsel's certificate was facially valid, but contends that the record refutes the certificate. He notes that postplea counsel elicited evidence of his mental illnesses, for which he had not been receiving medication, but did not amend the motion to include this issue. Defendant argues that the record thus refutes the certificate's assertion that counsel made "any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. Apr. 15, 2024). The State agrees that the record refutes counsel's certificate. We agree as well.

¶ 23    The pretrial investigation report stated that defendant experienced bipolar disorder, post-traumatic stress disorder, and anxiety, "all for which he is prescribed medication." His counsel at the detention hearing argued that he "has mental health issues and is currently struggling with the medication that he's prescribed."

¶ 24    Defendant also points to his apparently contradictory statements at the plea hearing as evidence that he failed to "understand the finality of the proceedings." He told the court that he wanted to plead guilty, but also asked about withdrawing the plea. Later, he assured the court that he would not withdraw the plea, but insisted that there was "stuff" he needed to "look up."

¶ 25    At the motion to withdraw hearing, defendant testified about his mental illnesses and the prescribed medications. He said that he had not been given his medications while in the county jail. Counsel then elicited the responses that not receiving his medications made him unstable and caused him to not know what he was doing. In closing, counsel emphasized that defendant "obviously suffers from mental health issues and was unmedicated at the time that the plea went through."

¶ 26    Counsel thus clearly recognized the importance of defendant's mental health and failure to receive his medications. However, she never amended the motion to include an argument that

7

defendant's untreated mental health issues rendered the plea involuntary or that plea counsel was ineffective for failing to investigate defendant's mental health issues before allowing him to plead.

¶ 27 Moreover, counsel did not attach to the motion evidence to support this claim. Rule 604(d) requires that when a postplea motion "is based on facts that do not appear of record it shall be supported by affidavit." Ill. S. Ct. R. 604(d) (eff. Apr. 15, 2024).

¶ 28 Both parties assert that this case is similar to *Winston*. There, at a hearing on her motion to withdraw her plea, the defendant testified that she believed she had a defense to the charge. *Winston*, 2020 IL App (2d) 180289, ¶ 6. Defense counsel attempted, unsuccessfully, to introduce four statements allegedly taken from police reports to support this claim, but never amended the motion to argue this issue or provide evidentiary support. *Id.* ¶ 8.

¶ 29 The court found that the record refuted the assertion in counsel's certificate that he had made all necessary amendments to the motion. *Id.* ¶ 15. The court held that, having argued at the hearing that the evidence was insufficient to prove defendant's guilt, "counsel was obligated to advance that argument in an amended motion supported by affidavits from the witnesses whose testimony supposedly would have exonerated defendant." *Id.*

¶ 30 The State also cites *People v. Strehlow*, 2025 IL App (4th) 241354-U. There, the defendant pleaded guilty to aggravated driving under the influence. He moved to withdraw the plea and, at a hearing on the motion, testified that at the time of the plea he was taking medications that "possibly" affected his judgment. *Id.* ¶ 11. Defense counsel argued that defendant's plea was not voluntary " 'because of external factors, his injuries and the medications.' " *Id.* ¶ 12.

¶ 31 Here, counsel elicited testimony from defendant about his mental conditions and prescribed medications that he was not receiving at the time of the plea. She thus recognized the importance

8

of this issue. However, she did not amend the motion to include this issue and did not attempt to present evidence in support of it beyond defendant's layman's testimony.

¶ 32                                III. CONCLUSION

¶ 33    For the foregoing reasons, we vacate the circuit court's order denying the motion to withdraw guilty plea and vacate judgment and remand the cause for further proceedings to allow the defendant to file a new postplea motion and for a new hearing on that motion.


¶ 34    Reversed in part; cause remanded with directions.